IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-42-D
No. 7:15-CV-56-D

KEVIN RAY DEESE,                    )
                                    )
              Petitioner,           )
                                    )
       v.                           )          **ORDER**
                                    )
UNITED STATES OF AMERICA,           )
                                    )
              Respondent.           )


On March 24, 2015, Kevin Ray Deese ("Deese") moved pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct his 252-month sentence [D.E. 203]. On July 27, 2015, the government

moved to dismiss Deese's section 2255 motion [D.E. 214] and filed a memorandum in support [D.E.

215]. On August 13, 2015, Deese responded in opposition [D.E. 218]. As explained below, the court

grants the government's motion to dismiss and dismisses Deese's section 2255 motion.

I.

Deese was a high-volume drug dealer in North Carolina. See Sentencing Tr. [D.E. 192]

17–19. On June 17, 2013, Deese pleaded guilty, pursuant to a written plea agreement [D.E. 96], to

three charges in a criminal information [D.E. 85]: (1) conspiracy to distribute and possess with the

intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine in

violation of 21 U.S.C. § 846 (count one); (2) possession of a firearm in furtherance of a drug

trafficking crime and aiding and abetting the offense in violation of 18 U.S.C. §§ 924(c) and 2 (count

two); and (3) conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (count

three). See [D.E. 85, 90, 95, 96, 191]. On January 7, 2014, at Deese's sentencing hearing, the court

calculated Deese's advisory guideline range to be 360 months' to life imprisonment on count one, 60 months' imprisonment on count two (consecutive to any other sentence on counts one and three), and 240 months' imprisonment on count three. See Sentencing Tr. 12. The court then granted the government's motion under U.S.S.G. § 5K1.1. See id. 12–14. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Deese's allocution, the court sentenced Deese to 192 months' imprisonment on counts one and three to be served concurrently and 60 months' imprisonment on count two to be served consecutively. See id. 30–31; see also Presentence Investigation Report ("PSR") [D.E. 155].

Deese appealed. On January 15, 2015, the Fourth Circuit enforced the appellate waiver in Deese's plea agreement, dismissed the portion of the appeal within the appellate waiver, and affirmed Deese's conviction and sentence. See United States v. Deese, 590 F. App'x 239, 240 (4th Cir. 2015) (per curiam) (unpublished).

On March 24, 2015, Deese filed a motion under 28 U.S.C. § 2255. See [D.E. 203]. Deese contends: (1) his guilty plea was involuntary because his lawyer told him that if he was truthful concerning his criminal conduct and turned over criminally-derived funds, then it would lessen his charges and penalties significantly; (2) the government broadened and overstepped its authority under a search and seizure warrant concerning Deese's Audi; (3) the court erroneously permitted the government to change Deese's criminal charges and thereby manipulate his sentence; (4) the court erroneously relied at sentencing upon informant testimony about drug quantity; (5) the court improperly calculated restitution; (6) Deese is not guilty of counts two and three; and (7) Deese's counsel was constitutionally ineffective in various ways. See [D.E. 203, 203-1, 218]. Deese also filed two motions for return of property. See [D.E. 201, 207]. On July 27, 2015, the government moved to dismiss Deese's section 2255 motion for failure to state a claim upon which relief can be

2

granted. See [D.E. 214, 215]; Fed. R. Civ. P. 12(b)(6). On August 13, 2015, Deese responded in opposition. See [D.E. 218].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

At his Rule 11 hearing, Deese stated under oath that he had consulted with his counsel about the three charges in the criminal information to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. [D.E. 191] 3, 5–24. Deese also swore that he understood the three charges to which he was pleading guilty and the maximum penalties for each charge. See id. 19–22. He swore that he understood all the trial

3

rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral

consequences of pleading guilty. See id. 22, 27–28. Additionally, Deese swore that he understood

his right to a grand jury indictment and was waiving (both orally and in writing) that right concerning

the three charges in the criminal information. See id. 27; [D.E. 95]; cf. [D.E. 1] (indictment).

At Deese's Rule 11 hearing, Deese also swore that he had read and discussed his plea

agreement with his lawyer, that he understood each term in his plea agreement (which included terms

concerning forfeiture, restitution, and an appellate waiver), and that the plea agreement constituted

the entire agreement between Deese and the government. See Rule 11 Tr. 24–26. At Deese's Rule

11 hearing, the court read Deese's appellate waiver aloud to him, and Deese swore that he understood

the rights he was giving up in the waiver. See id. Deese also swore that he understood the sentencing

process, that any estimate of his sentence or the advisory guideline range from any source was not

binding on the court, that any erroneous prediction of his advisory guideline range or sentence would

not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory

maximum on each count. See id. 23–24.

In his plea agreement, Deese agreed:

> To make restitution to any victim in whatever amount the Court may order, pursuant
> to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable
> immediately. Specifically, to make restitution jointly and severable [sic] with any co-
> defendant in the amount of $16,280.00 to the Bureau of Alcohol, Tobacco, Firearms
> and Explosives . . . and $3,500.00 to the Robeson County Sheriff's Office . . . .

Plea Ag. [D.E. 96] ¶ 2.b. As for forfeiture, Deese agreed:

> To assist the United States in the recovery and forfeiture of any assets which
> facilitated and/or were required [sic] through unlawful activities, including all such
> assets in which the defendant has any interest or control. Specifically, the Defendant
> agrees to voluntarily forfeit and relinquish to the United States the property specified
> in the Information. The Defendant further agrees to sign any documents necessary
> to effectuate the forfeiture and waives any further notice. In addition, the Defendant
> forfeits and otherwise waives any ownership right in all items seized during the

4

investigation of the acts alleged in the Information. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations.

Id. ¶ 2.f. In his plea agreement, Deese also agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Deese] at the time of [his] guilty plea." Id. ¶ 2.c.

An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, an appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At the end of his Rule 11 hearing, Deese pleaded guilty to the three charges in the criminal information, and the government provided a factual basis for the guilty plea. See Rule 11 Tr. 28–35. The court then accepted Deese's guilty plea to the three charges. See id. 35–36.

In Deese's section 2255 motion, Deese initially claims that (1) his guilty plea was involuntary, (2) the government overstepped its authority under a search and seizure warrant concerning his Audi, (3) the court erroneously permitted the government to change Deese's criminal charges, (4) the court erroneously relied at sentencing upon informant testimony about drug quantity, (5) the court erroneously calculated restitution, and (6) Deese is not guilty of counts two and three.

5

In light of the Rule 11 colloquy, however, Deese's guilty plea and appellate waiver are valid. See, e.g., Deese, 590 F. App'x at 239–40; Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537–38; Blick, 408 F.3d at 169. Moreover, these six claims all fall within the scope of Deese's appellate waiver in that he seeks to use this section 2255 proceeding to challenge his conviction or sentence. See Copeland, 707 F.3d at 529–30; United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005); Plea Ag. ¶ 2c. Accordingly, the court enforces Deese's appellate waiver and dismisses these claims.

Alternatively, Deese procedurally defaulted these claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Deese from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Deese has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Deese's ineffective-assistance claims are not within his appellate waiver. See Plea Ag. ¶ 2.c. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's

6

ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

7

Deese contends that his counsel was constitutionally ineffective by: (1) failing to contest unidentified searches done without Deese's consent; (2) failing to contest the government's "bad faith" pursuit of Deese's property; (3) failing to contest the forfeiture of Deese's property; (4) failing to contest the appellate waiver in Deese's plea agreement; (5) failing to object to unidentified changes in the charges after Deese signed his plea agreement; and (6) failing to act zealously on Deese's behalf. See [D.E. 203] 25–26.

Deese's ineffective-assistance claims fail. First, trial counsel's failure to file a suppression motion "does not constitute per se ineffective assistance of counsel," but it may form the basis of an ineffective assistance of counsel claim. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To demonstrate deficient performance, "a meritorious Fourth Amendment issue is necessary to the success of [the] Sixth Amendment claim." Id. at 382; cf. Hill, 474 U.S. at 59. Here, Deese has not plausibly alleged a valid Fourth Amendment claim; therefore, his Sixth Amendment claim fails. Alternatively, Deese has failed to plausibly allege that he would not have pleaded guilty but for counsel's alleged failure to seek to suppress the fruits of unidentified searches. See, e.g., Bobby, 558 U.S. at 12; Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009); Strickland, 466 U.S. at 699–700. Thus, Deese has not plausibly alleged prejudice.

As for Deese's complaints about the government's "bad faith" pursuit of his property, forfeiture, the appellate waiver, and the charges in the criminal information, Deese's counsel obviously did not object because, as the Rule 11 transcript and the sentencing transcript make clear, the objections would have been baseless. The Sixth Amendment does not require counsel to make baseless objections. See Knowles, 556 U.S. at 127. Indeed, Deese's counsel's skill resulted in Deese receiving a sentence of 252 months' imprisonment, instead of a sentence ranging from 420 months' imprisonment to life imprisonment. Finally, the court rejects Deese's cumulative lack-of-

8

zealousness claim. See, e.g., Strickland, 466 U.S. at 690–98. Alternatively, Deese has failed to plausibly allege prejudice. See, e.g., Bobby, 558 U.S. at 12; Knowles, 556 U.S. at 127–28. Accordingly, Deese's ineffective-assistance claims fail.

After reviewing the claims presented in Deese's motion, the court finds that reasonable jurists would not find the court's treatment of Deese's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 214], DISMISSES Deese's section 2255 motion [D.E. 203], and DENIES a certificate of appealability. The government shall file a response to Deese's two remaining motions [D.E. 201, 207] not later than November 24, 2015.

SO ORDERED. This _4_ day of November 2015.

James Dever
JAMES C. DEVER III
Chief United States District Judge

9