IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-42-D

UNITED STATES OF AMERICA        )
                                )
        v.                      )        **ORDER**
                                )
KEVIN RAY DEESE,                )
                                )
            Defendant.          )

On March 4, 2016, Kevin Ray Deese ("Deese") filed a motion for a sentence reduction

under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines.

See [D.E. 240]. Deese's new advisory guideline range is 324 to 405 months' imprisonment. See

id. 1; [D.E. 244] 1–2. Deese seeks a sentence of 173 months on counts one and three and 60 months

consecutive on count two, yielding a total sentence of 233 months' imprisonment. See [D.E. 240].

On March 23, 2016, the government responded to Deese's motion. See [D.E. 244].

Deese was a high-volume drug dealer in North Carolina. See Sentencing Tr. [D.E. 192]

17–23, 28–30. On June 17, 2013, Deese pleaded guilty, pursuant to a written plea agreement [D.E.

96], to three charges in a criminal information [D.E. 85]: (1) conspiracy to distribute and possess

with the intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of

cocaine in violation of 21 U.S.C. § 846 (count one); (2) possession of a firearm in furtherance of a

drug trafficking crime and aiding and abetting the offense in violation of 18 U.S.C. §§ 924(c) and

2 (count two); and (3) conspiracy to launder monetary instruments in violation of 18 U.S.C. §

1956(h) (count three). See [D.E. 85, 90, 95, 96, 191]. On January 7, 2014, at Deese's sentencing

hearing, the court calculated Deese's advisory guideline range to be 360 months' to life

imprisonment on count one, 60 months' imprisonment on count two (consecutive to any other

sentence on counts one and three), and 240 months' imprisonment on count three. See Sentencing Tr. 12. The court then granted the government's motion under U.S.S.G. § 5K1.1. See id. 12–14. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Deese's allocution, the court sentenced Deese to 192 months' imprisonment on counts one and three, to be served concurrently, and 60 months' imprisonment on count two, to be served consecutively. See id. 30–31; see also Presentence Investigation Report ("PSR") [D.E. 155].

Deese appealed. On January 15, 2015, the Fourth Circuit enforced the appellate waiver in Deese's plea agreement, dismissed the portion of the appeal within the appellate waiver, and affirmed Deese's conviction and sentence. See United States v. Deese, 590 F. App'x 239, 240 (4th Cir. 2015) (per curiam) (unpublished).

The court has discretion to reduce Deese's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Deese's sentence, the court finds that Deese engaged in a serious and prolonged conspiracy to distribute and possess with intent to distribute cocaine base (crack) and cocaine and a conspiracy to launder monetary instruments. See PSR ¶¶ 1–15. Deese also used and carried a firearm during and in relation to his drug trafficking. See id. Furthermore, Deese has a lengthy and disturbing criminal history, including multiple convictions for larceny, breaking and entering, firearms offenses, and threatening behavior. See id. ¶¶ 19–32. When not incarcerated, Deese has a poor work history and a record of substance abuse. See id. ¶¶ 45–50. Nonetheless, while incarcerated on his federal sentence, Deese has taken

2

some positive steps. See [D.E. 240]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Deese received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Deese's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and history of substance abuse. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Deese's serious criminal conduct, criminal history, and history of substance abuse do not support reducing Deese's sentence. Thus, the court denies Deese's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Deese's motion for reduction of sentence [D.E. 240] is DENIED.

SO ORDERED. This _3_ day of May 2016.

James Dever

JAMES C. DEVER III
Chief United States District Judge