IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-42-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN RAY DEESE, | ) | |
| Defendant. | ) | |

On September 17, 2020, Kevin Ray Deese ("Deese") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 284]. On January 12, 2021, Deese's counsel filed a second motion for compassionate release and a memorandum and records in support [D.E. 290]. On January 26, 2021, the government responded in opposition [D.E. 294], and Deese filed a supplemental declaration about his release plan [D.E. 295]. As explained below, the court denies Deese's motion for compassionate release.

I.

On June 17, 2013, pursuant to a written plea agreement, Deese pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and five kilograms or more of cocaine (count one), using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting (count two), and conspiracy to commit money laundering (count three). See [D.E. 85, 90, 96]. On January 7, 2014, the court held Deese's sentencing hearing. See [D.E. 164]. At the sentencing hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and resolved Deese's objections. See Sent. Tr.

[D.E. 192] 5–12; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Deese's total offense level to be 41, his criminal history category to be III, and his advisory guideline range to be 360 months' to life imprisonment on count one, 60 months' consecutive imprisonment on count two, and 240 months' imprisonment on count three. See Sent. Tr. [D.E. 192] 12. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Deese to 192 months' imprisonment on counts one and three, to be served concurrently, and 60 months' consecutive imprisonment on count two, for a total of 252 months' imprisonment. See id. at 14, 27–31. Deese appealed. See [D.E. 172]. On January 15, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Deese's plea agreement, dismissed the portion of the appeal within the appellate waiver, and affirmed Deese's conviction and sentence. See United States v. Deese, 590 F. App'x 239, 240 (4th Cir. 2015) (per curiam) (unpublished).

On March 24, 2015, Deese moved to vacate, set aside, or correct his 252-month sentence under 28 U.S.C. § 2255. See [D.E. 203]. On July 27, 2015, the government moved to dismiss Deese's section 2255 motion. See [D.E. 214]. On November 4, 2015, the court granted the government's motion and dismissed Deese's section 2255 motion and denied a certificate of appealability. See [D.E. 220]. Deese appealed. See [D.E. 222]. On February 26, 2016, the Fourth Circuit dismissed Deese's appeal. See United States v. Deese, 633 F. App'x 194, 195 (4th Cir. 2016) (per curiam) (unpublished).

On March 4, 2016, Deese moved pro se for a sentence reduction under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 240]. On March 23, 2016, the government responded. See [D.E. 244]. On May 3, 2016, the court exercised its

2

discretion and denied Deese's motion to reduce his 252-month sentence. See [D.E. 253]. Deese did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

3

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

4

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020);

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

5

United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Deese contends that he exhausted his administrative remedies. See [D.E. 290] 3. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Deese's claim on the merits.

Deese seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Deese cites the COVID-19 pandemic and his health conditions, including obesity, latent tuberculosis, recurrent upper respiratory infections, dental issues, health issues related to an all-terrain vehicle accident, and his status as a former heavy smoker. See [D.E. 290] 3–4, 6–8, 10–11. Deese also cites the conditions at FCI Butner, his rehabilitation efforts, his conduct while incarcerated, that he has served over 37% of his federal sentence, and his release plan. See id. at 2–3, 9–13; [D.E. 290-1]; [D.E. 295].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Deese states that he suffers from obesity, latent tuberculosis, recurrent upper respiratory infections, dental issues, health issues related to an all-terrain vehicle accident, and that he is a former heavy smoker, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Deese serves his sentence. Moreover, Deese is fully vaccinated against COVID-19. See [D.E.

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

294] 1, 3. Accordingly, reducing Deese's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the conditions at FCI Butner, and Deese's health conditions are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, after reviewing the entire record, the section 3553(a) factors counsel against reducing Deese's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Deese is 42 years old and engaged in prolonged, serious criminal behavior between 2002 and 2013. See PSR [D.E. 155] ¶¶ 5–15. Deese conspired with others to distribute large volumes of cocaine, cocaine base (crack), and marijuana in Robeson County, North Carolina. See id. Deese was accountable for distributing extremely large amounts of cocaine, cocaine base (crack), and marijuana for a long period of time. See id.; Sent. Tr. [D.E. 192] 5–12, 22, 25–27. Deese also distributed and possessed firearms in connection with his drug trafficking activities, maintained a premises to manufacture and distribute narcotics, trafficked drugs and firearms as part of a pattern of criminal conduct engaged in as part of a criminal livelihood, and was a leader of the conspiracy. See PSR ¶¶ 15, 57–62.

Deese is a recidivist with convictions for larceny (three counts), possession of marijuana (three counts), attempted breaking and entering, breaking and entering, resisting a public officer, carrying a concealed gun (two counts), carrying a concealed weapon, communicating threats, and

7

injury to real property. See id. ¶¶ 19–32. Nonetheless, Deese has taken some positive steps while incarcerated on his federal sentence and has sustained no infractions. See [D.E. 290] 2–3, 11–12; [D.E. 290-1].

The court has considered Deese's exposure to COVID-19, the conditions at FCI Butner, his health conditions, his conduct while incarcerated, that he has served over 37% of his federal sentence, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat and vaccinate Deese, the section 3553(a) factors, Deese's arguments, the government's persuasive response, and the need to punish Deese for his serious, prolonged criminal behavior, to incapacitate Deese, to promote respect for the law, to deter others, and to protect society, the court declines to grant Deese's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Deese's motions for compassionate release [D.E. 284, 290].

SO ORDERED. This 29 day of March 2021.

J. Dever<br>
JAMES C. DEVER III<br>
United States District Judge

8